MATTER OF G——

In SECTION 245 Proceedings

A-10383879

*Decided by Regional Commissioner April 28, 1960*
*Approved by Assistant Commissioner*

Adjustment of status—Consistent and deliberate immigration violations preclude finding of *bona fide* nonimmigrant admission and result in denial of application as matter of discretion.

Adjustment of status under section 245 of the Immigration and Nationality Act will not be approved where applicant's record of consistent and deliberate violations of nonimmigrant crewman status requires finding that he was not a *bona fide* nonimmigrant at time of last entry. Absent this finding, grant of relief would still not be justified, since applicant's record does not show him to be worthy of a discretionary dispensation.

## BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case comes forward on motion for reconsideration of our order of December 11, 1959, dismissing the applicant's appeal from the decision of the District Director in Chicago, Illinois, denying application for adjustment of status under section 245 of the Immigration and Nationality Act. The district director's decision was based on a finding that the applicant has not established that he was a *bona fide* nonimmigrant at the time of his last admission to the United States March 10, 1959, and that he was not eligible to apply for adjustment of status when his application was filed August 6, 1959, since an order had been entered in his case January 19, 1959, establishing deportability subsequent to August 21, 1958.

The applicant entered the United States as a crewman in December 1955, remained and worked without permission until May 1956. He also entered as a crewman in July 1956 and remained without permission until January 1959. On January 19, 1959, he was found deportable but was allowed to depart voluntarily without expense to the Government no later than January 29, 1959. He departed January 25, 1959, and entered again March 10, 1959. He was issued a D-2 permit which required his departure on or before April 8, 1959. Apparently the fact that he had been found deportable was unknown to the admitting officer. He did not depart.

636

8 CFR 245.1 excludes aliens whose deportability was established subsequent to August 21, 1958, from the benefits of section 245 of the Immigration and Nationality Act. For that reason we held on December 11, 1959, that the applicant is not eligible for adjustment under section 245 and dismissed his appeal for that reason. We did not reach a decision on the question of whether he was a *bona fide* nonimmigrant at the time of his last entry.

The applicant's counsel contends that the finding of deportability as set forth in 8 CFR 245.1 refers to a finding of deportability based on the last entry of the applicant. Upon reconsideration it is concluded that counsel's contention is correct. Accordingly, our order of December 11, 1959, will be withdrawn and consideration will be given to the other question raised by this appeal, *i.e.*, whether the applicant was a *bona fide* nonimmigrant at the time of his last admission to the United States March 10, 1959.

Section 245 of the Immigration and Nationality Act provides in part that "the status of an alien who was admitted to the United States as a *bona fide* nonimmigrant may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe * * *."

The facts concerning the applicant's various entries into the United States are set out briefly in paragraph 2 of this discussion. He is a native and citizen of Greece. As previously stated, he first entered as a crewman in December 1955. He violated his status by remaining and working without permission. He departed in May 1956 but returned a few weeks later as a crewman and remained without permission until January 1959. On January 19, 1959, he was found deportable, but this Service again permitted him to depart voluntarily in lieu of deportation. He departed January 25, 1959, but returned again March 10, 1959. He was authorized to remain only until April 8, 1959, but went to Chicago April 6 or 7, 1959, and accepted employment without authorization by this Service. On June 13, 1959, he married a United States citizen.

The applicant must be classified as an immigrant within the meaning of section 101(a)(15) unless he can establish that he was "an alien crewman serving in good faith as such in any capacity required for normal operation and service on board a vessel (other than a fishing vessel having its home port or an operating base in the United States) or aircraft, who intends to land temporarily and solely in pursuit of his calling as a crewman and to depart from the United States with the vessel or aircraft on which he arrived or some other vessel or aircraft" (section 101(a)(15)(D), Immigration and Nationality Act).

The applicant's history shows clearly that he used every opportunity to remain in the United States by any means, legal or illegal,

and that on March 10, 1959, he had no intention of departing with the vessel on which he arrived or any other vessel but fully intended to remain permanently in the United States. Accordingly, it can be concluded that he was not a *bona fide* nonimmigrant at that time. However, even if it were assumed that the applicant was a *bona fide* nonimmigrant at the time of entry, the grant of the relief sought is not justified. In seeking adjustment of status the applicant is asking for the exercise of the Attorney General's discretion. Applicant's record of consistent and deliberate violation of the immigration laws does not show him worthy of such a discretionary dispensation.

**Order:** It is ordered that our previous order of December 11, 1959, be withdrawn.

*It is further ordered* that the appeal be dismissed for the reason that the facts in this case do not warrant favorable exercise of the Attorney General's discretion.