MATTER OF F——

In SECTION 245 Proceedings

A-11641025

Decided by Regional Commissioner June 16, 1960
Approved by Assistant Commissioner June 21, 1960

Adjustment of status—Section 245 of 1952 act—Alien who intended to pursue application at time of readmission as nonimmigrant not *bona fide* nonimmigrant.

Application for adjustment of status filed prior to nonimmigrant's temporary departure from the United States and pending upon her return to this country is denied on the ground that applicant was not a *bona fide* nonimmigrant at the time of readmission when it was her intention to pursue her application for permanent residence under section 245 of the 1952 act.

BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The applicant, a single, 35-year-old native and citizen of England, was admitted to the United States as a nonimmigrant treaty trader on April 1, 1959. On February 2, 1960, she filed this application for status as a permanent resident. Within a few days, and before the application could be adjudicated, she departed to England to visit a friend who was ill. She returned to the United States and on February 28, 1960, she was again admitted as a nonimmigrant treaty trader. It was her intention at the time of entry to pursue her application for status as a permanent resident and on May 4, 1960, the district director approved her application and certified the case to this office for review.

The applicant has established that a quota immigrant visa is immediately available to her and she has established that she is admissible to the United States as an immigrant. The issue to be decided is what effect, if any, her departure from the United States had upon her application.

It is clear from the legislative history that the procedure for acquiring status as a permanent resident authorized under section 245 of the Immigration and Nationality Act was provided by th[e] Congress for one specific purpose. It was devised solely to obviat[e] the need for departing from the United States for the purpose [of] securing an immigrant visa in the case of the alien who at t[he]

680

time of admission as a nonimmigrant had no intention of acquiring the status of a permanent resident but who, subsequent to entry, has a change of mind and seeks such status.

The alien outside the United States who seeks to enter the United States for permanent residence must comply with the regular procedures set forth in the Immigration and Nationality Act for immigrants. He must secure an appropriate immigrant visa from an American consular officer abroad and must apply for admission to the United States as an immigrant. He does not have the option of applying for admission as a nonimmigrant with the intention of utilizing the procedure authorized under section 245 to acquire the status of a permanent resident. The statements concerning adjustment of status in the United States contained in the reports of the committees of both houses of the Congress which accompanied the Immigration and Nationality Act at the time of enactment support this interpretation. In speaking of adjustment of status generally, both committee reports state:

* * * The committee is aware, too, of the progressively increasing number of cases in which aliens are deliberately flouting our immigration laws by the processes of gaining admission into the United States illegally *or ostensibly as nonimmigrants* but with the intention of establishing themselves in a situation in which they may subsequently have access to some administrative remedy to adjust their status to that of permanent residents. * * * This practice is threatening our entire immigration system and the incentive for the practice must be removed. [Senate Report No. 1137, 82nd Congress, 2d Session, p. 25; House Report No. 1365, 82nd Congress, 2d Session, pp. 62–63; emphasis supplied.]

When section 245 was amended by the Act of August 21, 1958, the requirement that the applicant must have been a *bona fide* nonimmigrant at the time of admission was retained. In this respect the committee report which accompanied the amendatory legislation contained a clear statement that the legislation was not intended to benefit the alien who has entered the United States in violation of the law. (House Report No. 2258, 85th Congress, 2d Session, p. 3).

If we are to comply with the clearly stated intent of the Congress to exclude from the benefits of section 245 those aliens who have gained entry into the United States in an unlawful manner, an application filed under the provisions of section 245 must be decided on the basis of the facts surrounding the last entry of the alien into the United States.

The present application, when originally filed, was based on the applicant's admission to the United States on April 1, 1959. It is conceded that at the time of that admission she was a *bona fide* nonimmigrant. As has been pointed out above, she departed from the United States before a decision was reached on her application.

681

Had it been known that she had left the United States her application would have been considered abandoned and would have been denied on that basis, inasmuch as an alien outside the United States cannot gain any benefits under section 245. However, before the facts concerning her departure became known, she had gained reentry to the United States as a nonimmigrant on February 28, 1960. Therefore, her application will be considered but the decision must be based on her last admission to the United States on February 28, 1960.

Since, prior to her application for admission on February 28, 1960, she had decided to take up permanent residence in the United States, she was an immigrant, and it was incumbent upon her to comply with the provisions of law relating to aliens seeking to enter the United States as immigrants. This she failed to do. Instead she applied for and gained admission to the United States as a nonimmigrant. Under these circumstances she was not a *bona fide* nonimmigrant at the time of her admission to the United States on February 28, 1960, and her application must be denied.

**Order:** It is ordered that the order of the district director, dated May 4, 1960, be withdrawn and that the application be denied on the ground that the applicant was not admitted to the United States as a *bona fide* nonimmigrant.