MATTER OF PIRES DA SILVA

In DEPORTATION Proceedings

A-6949896

*Decided by Board February 21, 1963*

An alien lawfully admitted to the United States for permanent residence, who subsequently became deportable because of convictions of crimes involving moral turpitude, is statutorily ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Two crimes after entry—robbery and robbery with violence.

The case comes forward on appeal from the order of the special inquiry officer dated November 28, 1962, ordering respondent deported from the United States to Brazil on the charge contained in the order to show cause or, in the alternative, that he be deported to Portugal.

The record relates to a native and citizen of Portugal, 31 years old, male, who last entered the United States in May 1955 after a two-day visit to Canada. He had previously been lawfully admitted for permanent residence on July 30, 1948.

The respondent was convicted upon his plea of guilty in the Superior Court, Fairfield County, Connecticut on February 23, 1960 of robbery committed on April 12, 1959 in violation of section 53-67 of the General Statutes of Connecticut and was sentenced to a term of one year in the County Jail, the sentence to be suspended at the expiration of three months and the respondent to be placed on probation for a term of two years from the date of said suspension. He was next convicted in the Superior Court, Fairfield County, Connecticut on October 19, 1960 upon his plea of guilty of the offense of robbery with violence committed on July 26, 1960 in violation of section 53-14, General Statutes of Connecticut and was sentenced to be confined for a term of not more than six years nor less than three years in the Connecticut State Prison at Wethersfield, Connecticut. These crimes involved moral turpitude and did not arise out of a single scheme of criminal misconduct. Deportability on the ground charged in the order to show cause is established.

The respondent has filed an application for adjustment of status to that of a permanent resident pursuant to the provisions of section 245 of the Immigration and Nationality Act as amended by section 10 of the Act of July 14, 1960 (Public Law 86–648; 8 U.S.C.A. 1255 (a) (C.A.P.P. 1961), 74 Stat. 505). In conjunction therewith he has, as provided by 8 CFR 245.1, requested the exercise of the discretion contained in section 212(g) of the Act as amended September 26, 1961 (8 U.S.C.A. 1182(h), C.A.P.P. 1961) to waive the criminal ground of inadmissibility arising under section 212(a)(9) because of his convictions as previously set forth. Section 245(a) of the Act as amended provides that the status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved. We shall first address ourselves to the question of whether section 245 as amended is applicable to the case of an alien lawfully admitted for permanent residence who subsequently becomes deportable because of criminal convictions in the United States.

As originally enacted, section 245 of the Immigration and Nationality Act of June 27, 1952, 8 USC 1255, provided for the adjustment of status of aliens lawfully admitted to the United States as bona fide nonimmigrants who were continuing to maintain that status and contained certain other limitations upon the classes of those eligible for such adjustment of status. The amendment of section 245 by the Act of August 28, 1958 (Public Law 85–700, 72 Stat. 699), dropped the requirement of maintenance of nonimmigrant status, was available only to aliens who were admitted as bona fide nonimmigrants and contained certain other limitations such as exclusion of natives of contiguous countries and adjacent islands from the benefits thereof.

The latest amendment to section 245 by Section 10 of the Act of July 14, 1960 (Public Law 86–648, H.J. Res. 397, 74 Stat. 504) simply provides that "the status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence * * *." The elimination of the specific restriction to nonimmigrants contained in prior enactments of section 245 is not explained insofar as can be ascertained by reference to the legislative history. The only reference to the amendment, which was originally a part of House bill H.R. 9385 and was com-

bined with House Joint Resolution 397, is a statement that section 10 of the Joint Resolution as amended would amend the existing section 245(a) of the Immigration and Nationality Act which authorizes the Attorney General under certain circumstances to adjust the status of an alien who was admitted to the United States as a "bona fide" non-immigrant to that of an alien lawfully admitted for permanent residence; and that under the proposed amendment to section 245(a) the procedure for the adjustment of the immigrant status of aliens to that of aliens lawfully admitted for permanent residence would be broadened so as to include all aliens (other than alien crewmen) who have been inspected and admitted or who have been paroled into the United States, thereby providing considerably more flexibility in the administration of the law.[1] It was additionally commented that the necessity of the amendment arose from a decision rendered by the Attorney General (41 Op. A.G. No. 77) on November 20, 1959 which Congress feared would necessitate the reinstatement of the fallacious procedure known as "preexamination" and would greatly increase the number of private bills. It was explained that the wording of the amendment is such as not to grant eligibility for adjustment of status to alien crewmen and to aliens who entered the United States surreptitiously; that the amendment does not change in any way the qualitative and quantitative requirements of the basic immigration laws and does not give any alien any benefit which was not available to him under the Immigration and Nationality Act.[2]

The legislative history fails to reveal any discussion as to the nature of the "considerably more flexibility in the administration of the law" referred to above in connection with the enactment of the proposed amendment. It is believed, however, that the reference to bona fide nonimmigrants in the prior Act contrasted with "all aliens (other than alien crewmen) inspected and admitted or paroled" in the new amendment supplies the clue to the conclusion that the amendment applies to nonimmigrants, as will be more fully set forth below. It is noted that the far more rigorous requirements for adjustment of status of those who subsequently became deportable upon qualitative grounds prescribed by section 244(a)(5) were retained and, in fact, were subsequently reenacted in streamlined or simplified version by the Act of October 24, 1962 (Public Law 87-885, 76 Stat. 1247). It is likewise noted that section 245 of the Immigration and Nationality Act as amended, 8 U.S.C. 1255 (C.A.P.P. 1961), still

[1] 2 U.S. Code Congressional & Adm. News (1960, 86th Cong., 2d Sess.) 3147; Senate Report No. 1651 (86th Cong., 2d Sess.).
[2] 2 U.S. Code Congressional & Adm. News, 3137-3138.

retains its position under the heading "Adjustment of status of non-immigrant to that of person admitted for permanent residence". It is believed that the change in language may have been motivated by a series of Service decisions in which the bona fides of the nonimmigrant status of the aliens were questioned and resulted in holdings that aliens, who were not actually bona fide nonimmigrants and were in fact immigrants, were not eligible for adjustment of status.[3] The elimination of the necessity of examining into the bona fides of the nonimmigrant status of persons who were inspected and admitted as nonimmigrants would provide the greater flexibility in the administration of the law referred to in the legislative history.

The legislative history also restated with approval comments made in connection with the enactment of the amendatory Act of August 21, 1958 (H.R. 2133, 85th Cong.) in which it was stated that in conformity wtih the existing statutes, the language of the bill has been drawn so as to permit its application to the cases arising thereunder pursuant to all the discretionary powers of the Attorney General to waive or grant exemptions from the grounds of exclusion relating to aliens seeking immigrant visas including, but not limited to the Attorney General's power under the Act of September 11, 1957.[4] Provision was made in the pertinent regulations, 8 CFR 245.1, as amended, to permit application in conjunction with section 245 for the exercise of discretion under sections 212 (f), (g) and (h) of the Act, as amended September 26, 1961 insofar as they relate to the excludability of an alien in the United States. These sections set forth grounds of excludability contained in section 212(a) of the Immigration and Nationality Act and refer to preexisting grounds of inadmissibility in the case of an applicant for a visa or for admission.

The Attorney General has stated after reviewing the history of section 245 prior to the amendment of July 14, 1960, it seems clear that section 245 was intended to perform no other function than to permit nonimmigrants to obtain permanent resident status without leaving the United States.[5] There is no indication that the amendatory language embodied in section 10 of the Act of July 14, 1960 was intended to serve as a substitute for the provisions of section 244(a) (5) or section 244(a) (2) as amended by the Act of October 24, 1962. A change so radical as to make section 245 apply to aliens lawfully admitted as immigrants as well as nonimmigrants would surely have been the subject of legislative comment.

[3] *Matter of B—*, 8 I. & N. Dec. 621; *Matter of G—*, 8 I. & N. Dec. 636; *Matter of A—*, 8 I. & N. Dec. 655; *Matter of F—*, 8 I. & N. Dec. 680.
[4] *2 U.S. Code Cong. & Adm. News* (86th Cong., 2d Sess., 1960) 3137.
[5] *Matter of S—*, Int. Dec. No. 1190 (A.G., January 22, 1962).

An analogy may be drawn to the adjustment of status permitted under section 249 of the Immigration and Nationality Act which permits adjustment of status to those aliens who entered the United States prior to June 28, 1940 and met certain other requirements. Two aliens, of whom records of lawful admission existed, who subsequently became deportable after entry under section 241(a)(4), sought to have their status adjusted under the provisions of section 249 of the 1952 Act, as amended, in conjunction with an application for a waiver of excludability under section 212(g) of the Immigration and Nationality Act. It was held that the aliens' records of lawful admission for permanent residence had not been vitiated by the fact that the respondents had been subsequently found deportable on criminal grounds which arose subsequent to their entry into the United States.[6]

For the reasons already set forth at length, it is concluded that this respondent, who was lawfully admitted to the United States for permanent residence in possession of an immigrant visa, who has become deportable because of convictions for crimes involving moral turpitude committed in the United States subsequent to his lawful entry for permanent residence, has nevertheless not lost his status as a permanent resident and is not statutorily eligible for adjustment of status to that of a permanent resident under the provisions of section 245 of the Immigration and Nationality Act. Upon this basis alone, the appeal should be dismissed.

However, even if the respondent were to be considered statutorily eligible for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, as a matter of discretion his application should be denied. On April 12, 1959 and October 19, 1960 he committed the crimes of robbery and robbery with violence and at the time his last hearing on September 25, 1962 was serving a sentence of three to six years on the second conviction. Respondent married a citizen of the United States on April 30, 1955 but separated shortly thereafter. They were reconciled and a child was born to them on October 3, 1957 but the respondent again separated from his family when the child was approximately nine months old and thereafter failed to support them. His wife charged him with nonsupport and on July 19, 1958 he was sentenced to imprisonment for a period of three months on that charge, sentence was suspended and he was ordered to pay $35 a week for the support of his wife and child but sent only a few checks. He has not contributed to her support or to the support of their child at any time during 1959 or thereafter. The wife received workmen's

---

[6] *Matter of M—P—*, Int. Dec. No. 1228, aff'd *Moldanada v. Rosenberg* (Civ. No. 62-1123-K), S.D. Cal. (December 26, 1962) ; *Matter of Preciado-Castillo*, Int. Dec. No. 1230.

compensation for injuries suffered to her hand but is now being supported by State welfare authorities and resides with her sister.

Good moral character is a factor to be considered in determining whether the Attorney General's discretion should be exercised in a given case. In order to warrant the favorable exercise of discretion, good moral character must exist for a reasonable period of time.[7] In view of the recency of the respondent's crimes and his present incarceration, as well as his separation from his wife and child and failure to support them in the past, leaving them dependent upon welfare authorities for their support, it is believed that the case is not one meriting the exercise of discretion.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[7] *Matter of Francois*, A–12193870, Int. Dec. No. 1263 Jan. 17, 1963; *Matter of P—*, 8 I. & N. Dec. 167; *Matter of W—*, Int. Dec. No. 1088; *Scozzari v. Rosenberg*, 302 F.2d 593 (9th Cir., 1962), cert. den. 369 U.S. 886; *Braun-Vega v. Esperdy*, 62 Civ. 2487 (S.D.N.Y., November 9, 1962)