MATTER OF KRASTMAN

In Deportation Proceedings

A-12593227

Decided by Board July 13, 1966

Respondent, who, following lawful admission to the United States for permanent residence, became deportable under section 241(a)(4), Immigration and Nationality Act, because of conviction of crimes involving moral turpitude, is not precluded from establishing statutory eligibility for adjustment of status under section 245 of the Act;* however, such relief is denied, as a matter of discretion, in view of the fact he was recently convicted, he is under judicial restraint, he has created substantial debts which remain outstanding, he absconded after the first hearing, and he has failed to support the children of his first marriage although under legal compulsion to do so.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes: petty theft and obtaining money by a bogus note.

The special inquiry officer certified his order finding respondent deportable upon the ground stated above and denying his application for adjustment of status under section 245 of the Act. The issues are whether the respondent's convictions arose out of a single scheme of criminal misconduct and whether he is statutorily ineligible for the relief he seeks.

Respondent, a 31-year-old married male, a native-born citizen of the Netherlands, was admitted for permanent residence in 1960. On October 22, 1964, in a Justice Court, Yuma County, Arizona, he entered a plea of guilty to a count which charged him with having defrauded Mrs. Currier of $30 on March 7, 1964, and to a count charging him with taking $36.81 from the same person on March 17, 1964. He was fined $150 or 75 days on each count; the imprisonment to be served concurrently.

---

*Matter of DaSilva, 10 I. & N. Dec. 191, modified; the Board follows the rule of Tibke v. Immigration and Naturalization Service, 335 F.2d 42 (C.A. 2, 1964), in cases where the facts are those found in Tibke.

Out of an incident which occurred on February 14, 1964, he was convicted on a plea of guilty in the Superior Court, Yuma County, Arizona on March 15, 1965 of having obtained over $400 by means of a bogus installment note; the court imposing certain conditions, ordered imposition of sentence suspended for five years.

The respondent contended that his convictions arose out of a single scheme of criminal misconduct which was caused by his desperate financial situation in February, March and April 1964 while he was operating a frozen food business in Yuma, Arizona. The respondent's testimony reveals that in February 1964 he issued the bogus note to a food finance company to obtain a four months' food supply for himself and his family and that the two incidents in March 1964 arose when money which had been collected by his employees and which should have been sent to the same food finance company was sent elsewhere without his knowledge. Counsel has submitted a letter explaining that the funds respondent received were put back in the business and lost when the respondent's business failed. The special inquiry officer after a careful review of the precedents concluded that a single scheme did not exist because the records of conviction established that each crime was a separate act rather than a part of a unified act or action (p. 8).

The Service has the burden of establishing the crimes do not arise out of a single scheme of criminal misconduct. We believe the Service has borne its burden. Respondent's explanation that the convictions in March were the result of his employees failures cannot be accepted in light of the fact that he was convicted for wilfully and knowingly defrauding his victim. Even accepting respondent's explanation that the same parties were involved in February as were involved in March, we do not find that the record establishes that when he issued the note in February 1964 he intended committing the frauds in March 1964.

The special inquiry officer relying on *Matter of Da Silva*, 10 I. & N. Dec. 191 found respondent inelegible for adjustment of status under section 245 of the Act on the ground that the relief applied for was not available to one who had entered as an immigrant. The special inquiry officer is cognizant of the fact that a contrary rule has been stated in the Second Circuit (*Tibke* v. *Immigration and Naturalization Service*, 335 F.2d 42 (2d Cir., 1964)), but felt constrained to follow the Board's rule because he found no Board holding overruling its precedent, and because the instant case is not in the Second Circuit.

The Board follows the *Tibke* rule in cases where the facts are those found in *Tibke* (*Matter of Bufalino*, Int. Dec. No. 1517, p. 11).

Although the respondent is not statutorily ineligible for the relief he seeks, we shall deny it as a matter of discretion because of the unfavorable factors of record: Respondent was recently convicted, he is under judicial restraint (in connection with the suspension of his sentence), he has created substantial debts which remain outstanding, he absconded after the first hearing, and he has failed to support the children of his first marriage although under legal obligation to do so (*Matter of Francois*, 10 I. & N. Dec. 168).

**ORDER:** It is ordered that no change be made in the order of the special inquiry officer.