## MATTER OF LOO BING SUN

### In Deportation Proceedings

### A-12874785

### *Decided by Board March 21, 1975*

Respondent moved that the Board reconsider its decision of February 10, 1972, which affirmed the decision of the immigration judge denying respondent's motion to reopen deportation proceedings to consider an application for adjustment of status under section 245 of the Immigration and Nationality Act. Respondent had previously been granted adjustment of status on March 17, 1966 based on preference classification as the unmarried son of a lawful permanent resident. This adjustment was rescinded May 19, 1967 because respondent actually was married and not entitled to that adjustment. Thereafter a new visa petition was approved according him preference classification as a married son of a United States citizen. Notwithstanding his eligibility to apply for adjustment of status, as one who had been inspected and admitted, this motion to reconsider is denied as a respondent is excludable under section 212(a)(19) of the Act as an alien who has procured documentation by fraud. The respondent was not eligible for a waiver of inadmissibility under section 212(i) of the Act or for relief under section 241(f) of the Act as he lacks the family relationship required by those sections. (Matter of Ghazal, 10 I. & N. Dec. 344, to the extent that it is inconsistent with the rule stated in *Matter of Krastman*, 11 I. & N. Dec. 720, is overruled.)

CHARGES

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry (section 212(a)(19))—[8 U.S.C. 1182(a)(19)]—Visa or other documentation procured by fraud or willfully misrepresenting a material fact.

Act of 1952—Section 241(a)(1) [8 U.S:C. 1251(a)(1)]—Excludable at time of entry (section 212(a)(20))—[8 U.S.C. 1182(a)(20)]—Immigrant, not in possession of immigrant visa.

ON BEHALF OF RESPONDENT:  
Herman Binzer, Esquire  
833 Security Building  
Toledo, Ohio 43604

ON BEHALF OF SERVICE:  
Newton T. Jones  
Trial Attorney  
(Brief filed)

This is a motion to reconsider our decision of February 10, 1972, wherein we affirmed the immigration judge's decision. The immigration judge had denied the respondent's motion to reopen the proceedings to consider an application for adjustment of status under section 245 of the Immigration and Nationality Act, holding that the respondent was not

eligible for section 245 relief. We shall deny the motion to reconsider.

The record relates to a married male alien, 36 years of age, a native and citizen of China. He was granted an adjustment of status to lawful permanent resident on March 17, 1966, based on preference classification as the unmarried son of a lawful permanent resident. In fact he was married at the time and was not eligible for the status accorded. He last entered the United States on or about October 4, 1966 as a returning lawful permanent resident. His adjustment of status was rescinded on May 19, 1967. Deportation was ordered November 15, 1967 after the respondent conceded deportability.

A new visa petition was approved on April 26, 1971 according the respondent preference classification as the married son of a United States citizen. On the basis of this petition, the respondent moved to reopen to apply for a new adjustment of status pursuant to section 245. The immigration judge denied the motion on June 24, 1971 on the ground that respondent was ineligible for an immigrant visa because he is excludable pursuant to section 212(a)(19) as an alien who has procured documentation by fraud. Eligibility for an immigrant visa is a prerequisite for section 245 relief. The immigration judge found that the respondent was not eligible for a waiver of inadmissibility under section 212(i) or relief from deportation under section 241(f) because he lacks the family relationship required by those sections. Upon appeal to us, we upheld the immigration judge's decision by our decision dated February 10, 1972.

The respondent moves us to reconsider on the basis that our decision is inconsistent with *Matter of Ghazal*, 10 I. & N. Dec. 344 (BIA 1963) which held that an alien who entered with a fraudulently procured visa was eligible to apply for section 245 relief despite the fact that he had entered for permanent residence with an immigrant visa.

In *Tibke v. INS*, 335 F.2d (C.A. 2, 1964), the court refused to follow *Matter of Da Silva*, 10 I. & N. Dec. (BIA 1963), which had held that an alien lawfully admitted for permanent residence was not eligible for section 245 adjustment. Relying on *Tibke v. INS*, supra, in *Matter of Krastman*, 11 I. & N. Dec. 720 (BIA 1966) we overruled *Matter of Da Silva*, supra. Thus, the distinctions stressed in *Matter of Ghazal*, supra, are no longer relevant. We recognize, however, that the language used in the headnote, as well as some of the language in *Matter of Ghazal* is misleading. To the extent that *Matter of Ghazal*, supra, is inconsistent with the rule stated in *Matter of Krastman*, supra, it is hereby overruled. An alien admitted for permanent residence is eligible to apply for adjustment under section 245, whether deportability stems from a cause preceding or accompanying entry (e.g. fraud), or after entry (e.g. crimes).

Notwithstanding respondent's eligibility to apply for adjustment

under section 245 as one "inspected and admitted" since section 245 also requires that the alien "is eligible to receive an immigrant visa and is admissible to the United States for permanent residence" and the respondent is ineligible for any waiver of that ground of inadmissibility, his application was properly denied. Our decision of February 10, 1972 will be affirmed.

ORDER: The motion is denied.