MATTER OF MARTINEZ

In Deportation Proceedings

A–22380631

*Decided by Board August 26, 1977*

(1) Respondent conceded deportability under section 241(a)(2) of the Immigration and Nationality Act, but contested the immigration judge's denial of his application for voluntary departure.

(2) On May 4, 1976, respondent was convicted of a violation of 18 U.S.C. 473. A necessary element for a conviction under 18 U.S.C. 473 is intent to defraud, and in a crime in which fraud is an ingredient, moral turpitude attaches.

(3) By virtue of this conviction, respondent falls within the class of persons described in section 212(a)(9) of the Act and he cannot establish that he has been a person of good moral character for the period required in section 101(f)(3) of the Act. Therefore, he is statutorily ineligible for voluntary departure under section 244(e) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Pro se

BY: Milhollan, Chairman; Wilson, Appleman, and Maguire, Board Members

The respondent appeals from a decision of an immigration judge dated October 7, 1976. In his decision the immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, denied his application for voluntary departure and ordered his deportation to Ecuador.

The respondent is a native and citizen of Ecuador. He entered the United States without inspection. He was convicted on May 4, 1976, of violating 18 U.S.C. section 473.

18 U.S.C. section 473 provides: "Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both." The respondent was found guilty of the offense described in this section because he aided, abetted, counseled, commanded, procured and induced the transfer and delivery of 210 counterfeit ten dollar Federal

Reserve notes with the intent that the same be passed, published and used as true and genuine knowing the same to be forged.

At the hearing the respondent admitted the allegations of fact and conceded deportability. The only issue on appeal is the denial of the respondent's application for voluntary departure.

The immigration judge properly found the respondent statutorily ineligible for the privilege of voluntary departure. The respondent is barred from showing good moral character during the period of time required by section 244(e) of the Act.

Section 101(f)(3) of the Act prevents any alien from being regarded as a person of good moral character if he falls within the class of persons described in section 212(a)(9) of the Act, if the offense described therein, for which such alien was convicted, was committed during the period for which good moral character must be established.

A necessary element for a conviction under 18 U.S.C. section 473 is intent to defraud. *United States* v. *Wilkerson*, 469 F.2d 963 (5 Cir. 1972), cert. denied 410 U.S. 986 (1973). Moral turpitude attaches to crimes where fraud is an ingredient. *Jordan* v. *De George*, 341 U.S. 223 (1951). Accordingly, the respondent was convicted of a crime involving moral turpitude and he falls within the class of persons excludable under section 212(a)(9) of the Act. He is unable to establish good moral character during the five-year period required by section 244(e) of the Act since he committed that crime on January 19, 1976. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.