MATTER OF PARODI

In Deportation Proceedings

A-31326731

*Decided by Board December 23, 1980*

(1) An alien who is granted a recommendation against deportation by a judge in one criminal proceeding is not, by that recommendation, protected from deportation when he is convicted in another, separate criminal proceeding, in a different court and under a different charge, for the same underlying criminal misconduct, unless the second court also issues a recommendation against deportation.

(2) The plain meaning of section 241(b)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(b)(2), requires a holding that a judicial recommendation against deportation is effective to protect against deportation only for the crime or crimes for which an alien is convicted before that judicial tribunal, and does not provide blanket protection for an alien, wherever he may face charges for his criminal act.

(3) An alien who was convicted on August 2, 1977, of passing counterfeit Federal Reserve notes (18 U.S.C. 472), and sentenced therefor to 6 years imprisonment, who was also convicted for the same acts, on June 30, 1978, of conspiring to commit offenses against the United States (18 U.S.C. 371), in connection with which conviction the judge granted a recommendation against deportation, is deportable under the first part of section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), for the 1977 conviction, despite the fact that the convictions arose out of a single scheme of criminal misconduct.

(4) A waiver under section 212(h) of the Act, 8 U.S.C. 1182(h), may be obtained in deportation proceedings by an alien deportable under section 241(a)(4) of the Act, 8 U.S.C. 1251(a)(4), if it is granted *nunc pro tunc*, or in conjunction with adjustment of status.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude committed within 5 years after entry, and sentenced to confinement for a year or more, to wit: passing counterfeit $20 Federal Reserve notes

ON BEHALF OF RESPONDENT:
Virgil W. Mungy, Esquire
127 N. Dearborn Street
Suite 920
Chicago, Illinois 60602

ON BEHALF OF SERVICE:
Samuel Der-Yeghiayan
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated March 13, 1980, an immigration judge found the respondent deportable under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(4), as an alien who, within 5 years of entry, was convicted of a crime involving moral turpitude, and sentenced to confinement therefor for a year or more. An application for voluntary departure was denied. The appeal will be dismissed.

The respondent is a 30-year-old native and citizen of Ecuador who entered the United States on March 19, 1974, as a lawful permanent resident. On August 2, 1977, he was convicted in United States District Court for the Southern District of Illinois, for the offense of passing counterfeit $20 Federal Reserve notes, in violation of 18 U.S.C. 472. He was sentenced to 6 years imprisonment for this crime, and served over 2 years before being released on probation. On June 30, 1978, he was convicted, for the same acts, in the District Court for the Northern District of Illinois, of the crime of conspiring to commit offenses against the United States, in violation of 18 U.S.C. 371. The presiding judge in the Northern District granted the respondent's request for a recommendation against deportation, pursuant to section 241(b)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(b)(2). In an Order to Show Cause issued on May 18, 1979, the respondent was charged with deportability based only on his 1977 conviction; the 1978 conviction was not mentioned. At a deportation hearing begun on August 27, 1979, and completed on February 22, 1980, the respondent admitted the allegations in the Order to Show Cause, but denied deportability. He argued at the hearing, as he argues on appeal, that the recommendation against deportation issued by the Court for the Northern District bars his deportation altogether because both the 1977 and the 1978 convictions arose out of a single scheme of misconduct.

It does not appear to be disputed by anyone that both of the respondent's convictions arose out of a single scheme of criminal misconduct. Although the respondent makes much of this fact, the issue of whether these crimes arose out of a single scheme is not in fact relevant to the case. The respondent is charged with deportability under the first part of section 241(a)(4), which renders deportable an alien who is convicted of one crime involving moral turpitude committed within 5 years of entry, and who is either sentenced to confinement or confined for the crime for 1 year or more.[1] The "single scheme" aspect of section

---

[1] The second part of section 241(a)(4) relates to aliens who are convicted of two crimes involving moral turpitude at any time after entry, regardless of whether the alien is confined for the crimes, so long as they do not arise out of a single scheme for the deportation of an alien who

is convicted of a crime involving moral turpitude committed within 5 years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted

241(a)(4) thus does not relate to the present case.

The real issue here is a narrow one: whether an alien who is granted a recommendation against deportation by a judge in one criminal proceeding is protected by that recommendation when he is convicted in another, separate criminal proceeding, in a different court and under a different charge, for the same underlying criminal misconduct, and the second court does not recommend against deportation. Although this question appears to be one of first impression, we have little trouble in resolving it. The section of the Act relating to recommendations against deportation provides that the provisions of section 241(a)(4) shall not apply "if the *court sentencing* such alien *for such crime* shall make...a recommendation...that such alien not be deported..." (Emphasis added.) Section 241(b)(2) of the Act. The respondent urges us to construe section 241(b)(2) liberally, and emphasizes Congress' ameliorative purpose in enacting the section, as well as the general rule that doubts in interpretation of the Act are to be resolved in favor of the alien. *See Fong Haw Tan v. Phelan*, 333 U.S. 6, 10 (1948). The respondent also recognizes, however, that acts of Congress must, where possible, be given their plain meaning: this is a basic rule of statutory construction. *See e.g. Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976); *Burns v. Alcala*, 420 U.S. 575 (1975); *Kelly v. United States*, 531 F.2d 1144 (2 Cir. 1976).

Despite Congress' liberal intent, we believe that the plain meaning of section 241(b)(2) requires us to find that a judicial recommendation against deportation is effective to protect against deportation only for the crime or crimes for which an alien is convicted before that judicial tribunal.

We note that the District Court judge who issued the recommendation against deportation in the present case recognized the limitations of his recommendation. Exhibit E consists of a transcript from a January 18, 1980 hearing before that judge, during which the respondent's counsel sought to clarify whether the judge had considered the respondent's 1977 conviction when he recommended against deportation. The judge stated that he had considered the respondent's entire record, including the 1977 conviction. This clarification did not resolve the underlying problem, however, as the immigration judge understood. "On the other hand," he stated, "my recollection of the statute is that the recommendation is made by the Judge who enters the judgment and imposes sentence; and I certainly don't have any jurisdiction to engraft upon Judge Morgan's [the judge presiding over the 1977

---

of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial; (Emphasis added.)

conviction] judgment a recommendation." We agree with this analysis of the statute. Section 241(b)(2) speaks only of recommendations made by the court which sentences an alien for the given crime at issue in that court. It does not provide blanket protection for an alien, wherever he may face charges for his criminal act. For the respondent in this case to gain any protection from deportation under section 241(b)(2), he needed to obtain a recommendation against deportation from the Southern District of Illinois, as well as from the Northern District. As no such recommendation was made by the Court, and it is now too late for such a recommendation,[2] we find that the respondent was properly found deportable under section 241(a)(4).[3]

The immigration judge also properly found the respondent ineligible for voluntary departure. *See* section 244(e) of the Act, 8 U.S.C. 1254(e). However, we note that the respondent may qualify for other discretionary relief. The fact that he has been a lawful permanent resident does not preclude him from applying for adjustment of status under section 245 of the Act, 8 U.S.C. 1255. *Tibke* v. *INS*, 335 F.2d 42 (2 Cir. 1964); *Matter of Loo*, 15 I&N Dec. 307 (BIA 1975); *Matter of Krastman*, 11 I&N Dec. 720 (BIA 1966). As he has a lawful permanent resident wife, he may be able to obtain that relief. In order to qualify for adjustment of status, an alien must be admissible to the United States. Section 245 of the Act. The respondent here is presently inadmissible under section 212(a)(9), 8 U.S.C. 1182(a)(9), because of his convictions. He may, however, be able to receive a waiver of such excludability under section 212(h). An alien deportable under section 241(a)(4) is eligible to receive this waiver *nunc pro tunc*. *Matter of Sanchez*, Interim Decision 2751 (BIA 1980). Although the respondent in this case has not departed from the United States since the time of his excludable act, and thus cannot obtain *nunc pro tunc* relief, he could obtain the relief as an applicant for adjustment. Applicants for this relief have been held to be in the same position as aliens presenting themselves at the border, seeking entry as lawful permanent residents. *See* *Hamid* v. *INS*, 538 F.2d 1389 (9 Cir. 1976); *Campos* v. *INS*, 402 F.2d 758 (9 Cir. 1968); *Matter of Smith*, 11 I&N Dec. 325 (BIA 1965). Such aliens

[2] A recommendation against deportation must be made at the time of judgment or sentencing, or within 30 days thereafter. This statutory requirement has been held to be mandatory. *See e.g. Velez-Lozano* v. *INS*, 463 F.2d 1305 (D.C. Cir. 1972); *Marin* v. *INS*, 438 F.2d 932 (9 Cir. 1971), *cert. denied*, 403 U.S. 923 (1971); *Piperkoff* v. *Esperdy*, 267 F.2d 72 (2 Cir. 1959); *Matter of Plata*, 14 I&N Dec. 462 (BIA 1973).

[3] The respondent does not appear to dispute that his conviction in the Southern District was for a crime involving moral turpitude, as required by section 241(a)(4). We note for the record that fraud is a specifically stated element of the respondent's conviction under 18 U.S.C. 472, and moral turpitude was thus correctly attached to that crime. *See Jordan* v. *DeGeorge*, 341 U.S. 223 (1951). *See generally Matter of Martinez*, 16 I&N Dec. 336 (BIA 1977).

are therefore both subject to the exclusion provisions of section 212(a) and eligible for waivers of excludability. *See Matter of Smith, id.* Recognizing this, we have held that a 212(h) waiver may be obtained in deportation proceedings if it is granted in conjunction with adjustment of status. *See Matter of Bernabella,* 13 I&N Dec. 42 (BIA 1968).

We note that the respondent has a United States citizen child by his first wife, whom he helps to support, and also that his present wife testified at the hearing as to the hardship she might suffer if her husband is forced to leave the United States. These would of course be factors to consider, should the respondent apply for a 212(h) waiver and section 245 relief. As no steps have as yet been taken to seek such relief, however, and as we have rejected the respondent's arguments regarding his deportability, this appeal must be dismissed.

ORDER: The appeal is dismissed.