59 F.3d 167
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Manuel TOLEDO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2599.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided June 22, 1995.
 
 Richard S. Bromberg, Washington, DC, for Petitioner. Frank W. Hunger, Assistant Attorney General, David V. Bernal, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Manuel De Jesus Toledo Contreras, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his application for relief from deportation under 8 U.S.C.A. Sec. 1182(h)(1)(B) (West Supp.1995), and his motion to reopen. For the reasons that follow, we deny the petition and affirm the decision of the Board.
 
 
 2
 * Manuel Toledo entered the United States as an immigrant in 1989. He was convicted in March 1990 for a third degree sexual offense in Maryland. Manuel Toledo married a United States citizen in July 1990. He was subsequently served by the Immigration and Naturalization Service (INS) with an order to show cause charging that he was deportable on the basis of his conviction of a crime involving moral turpitude within five years of entry, 8 U.S.C. Sec. 1251(a)(4) (1988) (current version at 8 U.S.C.A. Sec. 1251(a)(2)(A)(i) (West Supp.1995)). Manuel Toledo conceded deportability at a subsequent hearing.
 
 
 3
 Because he is married to a United States citizen, Manuel Toledo requested a change in status as an alien to that of a lawful permanent resident under 8 U.S.C.A. Sec. 1255(a) (West Supp.1995), thereby preventing deportation under Sec. 1251(a)(4). Such a request can only be granted if, among other things, Manuel Toledo would be eligible to receive an immigrant visa and be admissible to the United States for permanent residence, as required by Sec. 1255(a)(2). Because of Manuel Toledo's conviction, he was ineligible and so he requested a waiver of the Sec. 1255(a)(2) requirement on the ground of extreme hardship to his United States citizen spouse under 8 U.S.C. Sec. 1182(h)(1)(B).* The immigration judge and the Board denied the waiver, holding that Manuel Toledo had failed to establish extreme hardship to his spouse should he be deported to Guatemala. The Board also declined to reopen Manuel Toledo's case based on new evidence--namely, the birth of Manuel Toledo's daughter while his case was pending. The effect of the Board's decision is that Manuel Toledo is not eligible to have his status changed to that of a lawful permanent resident, and he can therefore be deported.
 
 II
 
 4
 The Board's determination that Manuel Toledo failed to establish extreme hardship under Sec. 1182(h)(1)(B) is reviewed for abuse of discretion. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991); Osuchukwu v. INS, 744 F.2d 1136, 1139 (5th Cir.1984). The Board must state its reasons for denying relief and base its decision on all relevant factors. Hassan, 927 F.2d at 467-68. Extreme hardship will not be found absent a showing of significant actual or potential injury to the citizen family member. Id. at 468 (citing Matter of Ngai, Interim Dec. No. 2989, at 3 (BIA 1984)). "The common results of deportation are insufficient to establish extreme hardship." Id.
 
 
 5
 Manuel Toledo testified that he met his wife Carolyn in 1987. He began to live with her in 1988 and married her in 1990 while he was in jail on a detainer for the INS. Manuel Toledo testified that he currently worked as a painter and contributed to his wife's support. He testified further that his wife was close to her family and that no decision had been made as to whether his wife would come to Guatemala should he be deported. Manuel Toledo's brother testified that deportation would be difficult for Carolyn because Manuel and Carolyn had been together for awhile. A friend testified that Carolyn and Manuel had a very strong relationship and were a loving couple.
 
 
 6
 Carolyn Toledo testified that she worked as a hairstylist and made $7000 the previous year. She stated that she depended on Manuel to help support her. She also stated, however, that prior to meeting Manuel she supported herself as a hairstylist. Carolyn testified that she did not think she could adapt well to Guatemala because she did not speak Spanish and did not think she could find a job there. Consequently, Carolyn stated that she did not know whether she would go to Guatemala if Manuel were deported.
 
 
 7
 In reaching its decision, the Board considered that Carolyn Toledo would suffer some emotional and financial hardships associated with her husband's deportation. The Board was not of the view, however, that these hardships would exceed those suffered by any couple facing separation because of deportation. The Board also considered the fact that Carolyn was able to support herself prior to marrying Manuel. The Board noted further that Carolyn married Manuel while he was incarcerated and that she should, therefore, have been aware of the possibility of deportation. Finally, the Board considered that the emotional impact could be mitigated as it was evident that Carolyn had not yet decided whether she would follow her husband to Guatemala. The Board concluded that extreme hardship had not been established because economic difficulty alone will not suffice to make such a showing. See In re Anderson, 16 I. & N. Dec. 596 (BIA 1978).
 
 
 8
 We find that the Board did not abuse its discretion in denying Manuel Toledo's application for waiver relief. The Board properly considered all relevant factors and stated its reasons for denying relief. We cannot engage in a reweighing of those factors. See Osuchukwu, 744 F.2d at 1141.
 
 III
 
 9
 Toledo argues that the Board erred in dismissing his appeal because the immigration judge denied Toledo a fair hearing. We review allegations of a due process violation de novo. See Colindres-Aguilar v. INS, 819 F.2d 259, 261 (9th Cir.1987). The basis for Tole do's argument was the immigration judge's ruling that written statements Toledo sought to introduce from his probation officer and his social worker would be disallowed because the INS would not have the opportunity to cross examine the authors.
 
 
 10
 We reject Toledo's claim because the evidence he sought to present was largely irrelevant to the issue of whether Toledo had established extreme hardship to a citizen family member. The documentation from his probation officer spoke to Toledo's rehabilitation and character. These issues were never reached by the immigration judge. The documentation from Toledo's social worker, although slightly probative on the strength of his relationship with his wife, was merely cumulative of evidence already presented on that point. Accordingly, we find that Toledo was not denied a fundamentally fair hearing. See Farrokhi v. INS, 900 F.2d 697, 702 (4th Cir.1990) (finding no due process violation where alien could not establish prejudice resulting from the claimed error).
 
 IV
 
 11
 Manuel Toledo argues that the Board erred in denying his motion to reopen his deportation proceeding. We review the Board's refusal to reopen a deportation proceeding for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Borokinni v. INS, 974 F.2d 442, 444 (4th Cir.1992). The Board has discretion to reopen a deportation proceeding in the face of new material evidence that was not available at the prior hearing. 8 C.F.R. Sec. 3.2 (1994). The Board may deny a motion to reopen where the alien fails to establish a prima facie case of eligibility for the discretionary waiver relief sought. Doherty, 502 U.S. at 323.
 
 
 12
 Manuel Toledo's wife gave birth to their first child during the pendency of this case. Toledo argues that this new evidence entitled him to reopening of his deportation proceedings. We find that the Board did not abuse its discretion in denying Toledo's motion, however, because Toledo failed to establish a prima facie case of entitlement to waiver relief.
 
 
 13
 The Board considered the evidence presented by Toledo that his daughter would suffer emotional hardship without her father and that Carolyn Toledo would not be able to provide adequate financial support. The Board noted again that the hardship described was no more significant than that normally faced under such circumstances and that Toledo needed to show substantially more to establish an extreme hardship. The Board also found it significant that the record did not make clear whether Toledo's spouse and child would follow him to Guatemala. In these circumstances, we hold that the Board did not abuse its discretion in denying Toledo's motion to reopen his deportation proceedings.
 
 
 14
 For these reasons, we deny Toledo's petition for review and affirm the judgment of the Board. We dispense with oral argument based on our prior order granting the motion to submit the case on briefs.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Section 1182(h)(1)(B), commonly referred to as Sec. 212(h) of the Immigration and Nationality Act, provides in relevant part, that the Attorney General may, in his discretion, waive conviction of a crime involving moral turpitude as a ground for inadmissibility for an alien who is the spouse or child of or has a son or daughter who is a United States citizen or lawful permanent resident, if the alien establishes that his exclusion would result in extreme hardship to the United States citizen or lawful permanent resident. The Board has interpreted Sec. 1182(h)(1)(B) to be used to waive inadmissibility which would otherwise preclude adjustment of status. See Matter of Parodi, 17 I. & N. Dec. 608 (BIA 1980)